1   WO

2

3

4

5

6                    **UNITED STATES DISTRICT COURT**

7                        **DISTRICT OF ARIZONA**

8

9   Priscilla S. Kuhn,                              )
                                                    )        CV 04-368 TUC DCB
                     Plaintiff,                     )
10                                                  )
    v.                                              )
11                                                  )
    UNUMProvident Corporation and Provident Life    )
    and Accident Insurance,                         )        **ORDER**
12                                                  )
                     Defendant.                     )
13  _____)

14          On September 26, 2006, this Court granted summary judgment for Plaintiff on her

15  ERISA claim.  (Amended Order (document 48)).  Judgment was entered accordingly.

16  (Judgment (document 49)).  As the prevailing party, the Plaintiff seeks an award of

17  $43,575.00 for her attorneys fees and non-taxable costs.  Plaintiff was represented by Gregg

18  H. Temple.

19          Plaintiff prevailed on her claim for benefits under ERISA and, therefore, may

20  recover costs and reasonable attorney fees. 29 U.S.C. § 11329(g)(1). There is a presumption

21  that fees will be awarded when the prevailing party is a plan participant or beneficiary,

22  unless there are special circumstances that would make an award of fees unjust. *Consenco*

23  *v. Construction Laborers Pension Trust*, 93 F.3d 600, 609 (9th Cir. 1996); *Smith v. CMTA*

24  *IAM Pension Trust*, 746 F.2d 587, 589 (9th Cir. 1984).  To recover attorney fees, a successful

25  plan participant does not have to prevail on her claims; the general rule under ERISA is to

26  award reasonable attorney fees, if an employee plaintiff succeeds on any significant issue in

27  the litigation to achieve some of the benefit she sought in bringing the suit. *Smith*, 746 F.2d

28  at 589 (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)).

Defendant does not challenge Plaintiff's entitlement to attorney fees, but submits that under the circumstances of this case each party should bear their own fees and costs. Alternatively, the Defendant argues that the attorney fees requested by the Plaintiff are unreasonable and should be reduced as follows: 1) fees incurred during Plaintiff's administrative appeal; 2) fees incurred litigating the preemption issue, and 3) the hourly rate of $300.00 should be $200.00.

The Court rejects Defendant's arguments and finds the attorney fee award requested by the Plaintiff is reasonable.

Reasonable Attorney Fees

To determine the propriety of awarding fees in an ERISA case under 28 U.S.C. § 1132(g)(1), the Court considers the following: 1) the degree of the opposing parties' culpability or bad faith; 2) the ability of the opposing parties to satisfy an award of fees; 3) whether an award of fees against the opposing parties would deter others from acting under similar circumstances; 4) whether the parties requesting fees' sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA; and 5) the relative merits of the parties' positions. *Hummell v. S.E. Rykoff & Co.*, 634 F.2d 446, 453 (9th Cir. 1980). The Court must bear in mind the remedial purposes of ERISA to protect the interests of participants in employee benefit plans. *Smith*, 746 F.2d at 589.

The amount of attorney fees is determined on the facts of each case. *Hensley v. Eckerhart*, 461 U.S. 424, 429-430 (1983). In *Hensley*, the Supreme Court explained that generally courts consider twelve factors first set forth in *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714 (5th Cir. 1974): (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the

2

client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases. *Hensley*, 461 U.S. at 430 n. 3 (*citing Johnson*, 488 F.2d at 717-719).

In *Hensley*, the Supreme Court explained that the starting point for determining an attorney fee award is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. *Hensley*, 461 U.S. at 432. The district court should exclude from this initial fee calculation hours that were not "reasonably expended" because cases can be overstaffed, and the skill and experience of lawyers vary widely. *Id.* at 434. Counsel for the prevailing party should make a good faith effort to exclude from his or her fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his or her fee submission to a client. *Id.* In other words, hours that are not properly billed to one's client are not properly billed to one's adversary pursuant to a fee shifting statute. *Id.*

Once the Court determines the product of reasonable hours times a reasonable rate, the loadstar amount, it must decide whether any other considerations warrant an adjustment of fees upward or downward. *Id.* It is at this point, the Court must consider the important factor of the results obtained by Plaintiff's counsel. *Id.* It is not enough that Plaintiff is entitled to attorney fees as the prevailing party, two questions must be asked: "First did the plaintiff fail to prevail on claims that were unrelated to the claims on which he succeeded? Second, did the plaintiff achieve a level of success that makes the hours reasonably expended a satisfactory basis for making a fee award?" *Id.*

Whether the prevailing Plaintiff should bear her own fees and costs?

Defendant argues that under *Hummell* fairness requires the Court to order both parties to bear their own fees and costs. *Williams v. Caterpillar, Inc.*, 944 F.2d 658, 668 (9th

Cir. 1991) (declining to award fees where there was no proven allegation of bad faith, no illicit conduct to deter, and both parties' positions were reasonably supported).

Defendant argues that Plaintiff lost on her assertion that this was NOT an ERISA case.  Defendant argues that Plaintiff's argument against preemption was without merit, and Defendant comes close to suggesting that it was perhaps taken in bad faith.

The Court reminds the Defendant that after the Court's ruling that ERISA applied, it argued that it was not the proper defendant because it is a third-party insurer and not the plan or the plan administrator. As this Court explained in its Order granting summary judgment for Plaintiff, filed on June 29, 2006, this would have undermined this Court's ruling that ERISA applies because "how could an ERISA plan exist where an employer has no administrative duties, unless plan administrative duties are provided by the insurer." (Amended Order (document 48) at 2.)  It was the parties' concession that the employer was NOT the plan administrator and Defendant's persuasive legal argument that plan administrative duties may fall on a defendant insurer that supported this Court's finding ERISA preempted Plaintiff's state law claims.  *Id.* at 1-2.  This being the apex of the Court's holding that ERISA applied, the slippery-slope of Defendant's argument that it was not the plan administrator is apparent.  On such slippery turf, the Plaintiff cannot be faulted for claiming breach of contract instead of ERISA violations.  The Court will neither deny her fees nor apportion her fees based on the ERISA preemption argument.

Whether the request for $43,575.00 is reasonable?

Defendant argues that this Court may not grant fees for work done during the administrative appeal. *Cann v. Carpenters' Pension Trust Fund for N. Calif.*, 989 F.2d 313, 315-16 (9th 1993); *Dishman v. UNUM Life Insur. Co.*, 269 F.3d 974, 987 (9th Cir. 2001). Defendant objects to 12.8 hours of work performed by Plaintiff's attorney in April through June of 2003 because the administrative appeal was not final until November 2003, and the Complaint was not filed until March of 2004.  As Defendant notes the Plaintiff's attorney

reduced the claim for attorney fees for work he performed in August through October because it was related to the administrative appeal. Defendant argues that the fee request must be further reduced, even if the 12.8 hours of work was useful and necessary to Plaintiff's case. *Cann*, 989 F.3d 315.

Plaintiff attests that the 12.8 hours were spent in due diligence investigating and analyzing the medical record and claim correspondence that was necessary to justify the filing of the Complaint, if the administrative appeal failed. Attorney fees for such pre-filing work is recoverable, *Dishman*, 269 F.3d at 987 n. 51; *see also Cann*, 989 F.2d at 315, and 12.8 hours are a reasonable amount of hours spent in such preparation.

As Defendant concedes, Plaintiff won a major part of the case when she prevailed on her ERISA claim. (Response at 5.) Plaintiff is entitled to her reasonable attorney fees for the entire case at a reasonable hourly rate. Plaintiff seeks attorney fees at the hourly rate of $300.00.

Defendant argues that the Retainer and Contingency Fee Agreement between Plaintiff and her attorney provided for an hourly rate of $200.00. The parties' agreement provided for a 40 percent contingency fee in the event of recovery. In the event the Plaintiff terminated her attorney's services, she agreed to pay an hourly rate of $200.00 plus the possibility of payment from any recovery. Plaintiff's attorney explains that the hourly rate provision was added to the contingency agreement to account for the possibility that Plaintiff might prevail on the administrative appeal, in which event she did not want to pay the 40 percent contingency fee. Plaintiff's attorney agreed that in the event her benefits were reinstated, he would accept a reduced hourly rate for his review and limited assistance on the administrative appeal. Plaintiff's attorney argues that since his services were not terminated, his claim for compensation is based solely on the contingency fee agreement.

Defendant does not dispute that $300.00 is a reasonable hourly rate for litigating an ERISA case.

The Court finds that Plaintiff's attorney was skilled and qualified to under take this case, that the hours he expended on this case were reasonable in light of the legal issues involved in its litigation.  Given the amount involved in the law suit and the results obtained by the Plaintiff's attorney, the attorney fee request is reasonable and in keeping with the contingency fee arrangement between the Plaintiff and her attorney and awards in similar cases. The Court finds that the request for $43,575.00 is a reasonable attorney fee award.

The Defendant can clearly satisfy an award of fees.  The Court finds that an award of attorney fees is appropriate under 28 U.S.C. § 1132(g)(1), given the merits of Plaintiff's disability claim.  (*See* P's Memorandum for Attorney Fees at 3-4 (citing Amended Order (document 48) (granting summary judgment for Plaintiff))).

**Accordingly**,

**IT IS ORDERED** that the Plaintiff's motion for attorney fees and non-taxable costs in the amount of $43,575.00 (document 51) is GRANTED.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall amend the Judgment accordingly.

DATED this 7th day of February, 2007.

David C. Bury
United States District Judge

6